UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DAWN EVANS**, et al.,

    **Plaintiffs**,

v.                                  Case No. 8:23-cv-00498-WFJ-SPF

**ENTERTAINMENT 2851 LLC.**, et al.,

    **Defendants**.
_____/

## CONDITIONAL CERTIFICATION ORDER

This case is before the Court based on Plaintiffs' motion to conditionally certify class, to approve notice to potential class members, and to equitably toll the limitations period from the date of conditional certification to the time the notice period ends (Doc. 31). The matter is unopposed. *See* Doc. 32; Loc. R. 3.01(c). Upon due consideration of the motion and the case file, the Court finds for the reasons that follow that the requests for conditional certification and approval of the notice are due to be granted, but the request for equitable tolling is due to be denied.[1]

### Facts

Plaintiffs were exotic dancers who performed in Defendants' adult entertainment business. They allege that Defendants violated the Fair Labor

---

[1] The Court has adopted as template Judge Wetherell's cogent order in *Rice v. Mr. T's, Inc.*, No. 3:20-cv-5695-TKW-EMT (N.D. Fla. Jan. 22, 2021).

1

Standards Act (FLSA) and its implementing regulations by misclassifying them as independent contractors instead of employees, failing to pay them minimum and overtime wages, and requiring them to pay house fees and to pool their tips with employees in positions not usually tipped, such as club security personnel and floor workers.  Defendants deny these allegations.

## Conditional Certification and Notice

The FLSA allows an employee to bring an action individually and on behalf of "other employees similarly situated."  29 U.S.C. § 216(b).  "[This] 'similarly situated' requirement . . . is more elastic and less stringent than the requirements found in Rule 20 (joinder) and Rule 42 (severance). . . . [A] unified policy, plan, or scheme . . . may not be required to satisfy the more liberal 'similarly situated' requirement . . . ." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir. 1996).  To become a plaintiff in an FLSA collective action, an employee must affirmatively opt in to the action consistent with the statute.  29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

The Eleventh Circuit has adopted a two-stage approach for deciding whether an FLSA action should be certified as collective.  *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218-19 (11th Cir. 2001).  The first stage begins when the plaintiff moves to conditionally certify the class to provide notice to potential opt-in

2

plaintiffs, and is thus called the conditional certification or notice stage. *Id.* at 1218. "Because the court has minimal evidence [at this stage, usually only the pleadings and some affidavits], this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995)). "The plaintiffs bear the burden of demonstrating a 'reasonable basis' for their claim. The[y] may meet this burden, which is not heavy, by making . . . detailed allegations supported by affidavits . . . ." *Grayson*, 79 F.3d at 1097 (citation omitted).

If the plaintiff meets this burden, the class is conditionally certified and potential opt-in plaintiffs receive court-approved notice of the collective action. *Hipp*, 252 F.3d at 1218. "[T]o ensure the potential plaintiffs have a fair opportunity to opt-in . . . , the district court has the discretion to facilitate notice to potential plaintiffs and broad authority to exercise control over the collective action and to govern the conduct of counsel and parties in the collective action." *Billingsley v. Citi Trends, Inc.*, 560 F. App'x 914, 921 (11th Cir. 2014) (internal quotation marks and brackets omitted); *see also Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 169-71 (1989).

Once discovery is largely complete, the second stage begins when the defendant moves to decertify the conditionally certified class. *Hipp*, 252 F.3d at 1218. The record developed through discovery allows the court to "make a more informed factual determination of similarity," so "[the] second stage is less lenient,

3

and the plaintiff bears a heavier burden." *Morgan v. Fam. Dollar Stores*, 551 F.3d 1233, 1261 (11th Cir. 2008).

This case is still in the first stage, however. Plaintiffs seek to bring this action individually and on behalf of all exotic dancers who have worked for Defendants' business and whose alleged misclassification as independent contractors has led to FLSA violations. Accordingly, Plaintiffs have moved for conditional certification to provide potential plaintiffs notice and the ability to opt in.

Through detailed allegations and declarations, Plaintiffs have met their burden under the lenient standard for conditional certification under § 216(b). As a result, the motion for conditional certification is due to be granted. Additionally, Plaintiffs have persuasively argued for their proposed notice and notice process, *see* Doc. 31 at 14–16 (citing cases), which are accordingly due to be approved.

## Equitable tolling

In addition to moving for conditional certification, Plaintiffs move to equitably toll the limitations period from the date of the conditional certification to the time the notice period ends. Plaintiffs have the burden to prove that equitable tolling is warranted. *See Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993).

Equitable tolling is appropriate "when the defendant misleads [the plaintiff] into allowing the statutory period to lapse, when [the plaintiff] has no reasonable way of discovering the wrong perpetrated against her, or when she timely files a technically defective pleading and in all other respects acts with the proper diligence

4

which statutes of limitation were intended to insure," but not "when the plaintiff does not file her action in a timely fashion despite knowing or being in a position reasonably to know that the limitations period is running" or "when [the plaintiff] fails to act with due diligence." *Id.* (citations, quotation marks, and alterations omitted).

"Equitable tolling is an extraordinary remedy to be applied sparingly, and is appropriate when a plaintiff untimely files due to extraordinary circumstances that are both beyond her control and unavoidable even with diligence. . . . [E]quitable tolling typically requires some affirmative misconduct, such as fraud, misinformation, or deliberate concealment." *Horsley v. Univ. of Ala.*, 564 F. App'x 1006, 1008-09 (11th Cir. 2014) (citation omitted). "[I]gnorance of the law does not, on its own, satisfy the constricted extraordinary circumstances test." *Id.* at 1009 (quoting *Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir. 2007)). Moreover, equitable tolling is not appropriate merely because of "*pro se* status, ignorance of the judicial process, or slow administrative proceedings." *Id.*

Here, Plaintiffs point to no extraordinary circumstances that warrant the tolling of the limitations period and the Court sees none. The potential opt-in plaintiffs already have all the information they need to file an FLSA claim and there has been no showing that Defendants took any action to induce putative class members from filing a timely claim. *See Mills v. Adams*, No. 4:13-cv-162(CDL), 2014 WL 1340758, at *2 (M.D. Ga. Apr. 3, 2014) (denying motion for equitable

tolling in a similar case involving exotic dancers because "[e]ven if other entertainers do not know about this action, they do know how many hours they worked and how much pay they received; that is enough information to determine whether they were paid minimum wage."); *Love v. Phillips Oil, Inc.*, No. 3:08cv92/MCR/MD, 2008 WL 5157677, at *2 (N.D. Fla. Dec. 9, 2008) (denying motion for equitable tolling because "there is no allegation or showing that circumstances exist that are beyond the potential opt-in plaintiffs' control and unavoidable despite the exercise of diligence that might prevent such plaintiffs from asserting their FLSA rights during the limitations period"; because "there is no evidence that any potential opt-in plaintiff has been-- or might be--reasonably induced to delay the filing of his claim"; and based on "Congress's concern that opt-in plaintiffs should not be permitted to evade the statute of limitations by tolling the limitations period to the filing of the complaint"). Thus, Plaintiffs' request for equitable tolling is due to be denied.

## CONCLUSION

In sum, for the reasons explained above, Plaintiffs' motion (Doc. 31) is **GRANTED** as to the requests for conditional certification and approval of the notice to potential class members, but **DENIED** as to the request for equitable tolling, and it is **ORDERED** that:

1. <u>Forms approved</u>.  Plaintiffs' proposed notice (Doc. 31-2) and consent (Doc. 31-3) forms are approved.

2. <u>Defendants' obligations.</u>  On or before **February 6, 2024**:

   a. <u>List of dancers.</u> Defendants shall produce to Plaintiffs' counsel a list of the exotic dancers who have worked for Defendants' adult entertainment business at any point during the period of January 30, 2019, to the date of this Order. The list shall include the dancers' full names, known aliases, last-known mailing addresses, telephone numbers, email addresses, work locations, copies of driver's license, and dates of performing at Defendants' establishment.

   b. <u>Posting notice</u>. Defendants shall conspicuously post the notice and consent forms on their website, Instagram account, and Facebook Page, and at the business establishments in the exotic dancers' dressing room(s) and on the door(s) where the dancers typically enter and leave the establishment. The notices posted at the establishment shall be laminated on brightly colored paper. All these notices shall remain posted for the duration of the opt-in period.

3. <u>Notice authorized</u>.  Counsel for Plaintiffs may contact the listed exotic dancers via email, text message, and U.S. Mail using these court-approved forms.

4. <u>Solicitation limited</u>.  Plaintiffs may mail, email, or text one (1) reminder to any exotic dancers who have not yet opted in within forty-five (45) days of

the first notice mailing. No other recruitment, solicitation, or contact is permitted.

5. <u>Opt-in deadline.</u> The opt-in deadline is sixty (60) days from the date of this Order, and any consent forms from exotic dancers who desire to opt-in as additional plaintiffs in this case shall be filed by that date.

**DONE and ORDERED** this 30th day of January, 2024.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record