**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DAWN EVANS, YVELLY MCNALLY,
DAYUANA MONTEGUADO, CLAUDIA
GAMBRELL, KOMAE WILLIAMS,
KALYA MCQUEEN, et al.,

    Plaintiffs,

v.                                         Case No. 8:23-cv-00498-WFJ-SPF

EMPEROR'S TAMPA INC. d/b/a
EMPEROR'S GENTLEMEN'S CLUB,
d/b/a EMTB, LLC, f/k/a "DIAMONDS",
ENTERTAINMENT 2851 LLC, d/b/a
EMPEROR'S GENTLEMEN'S CLUB, f/k/a
"DIAMONDS", MICHAEL TOMKOVICH,

    Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Plaintiffs, Dawn Evans, *et al.* ("Plaintiffs"), and Defendants, Emperor's Tampa, Inc., Entertainment 2851, LLC, and Michael Tomkovich (collectively, the "Defendants"), by and through their undersigned counsel, move for approval of the Settlement Agreement and Release executed by the parties at mediation on or about June 3, 2025 (the "Settlement Agreement"). The Settlement Agreement is being filed separately under seal pursuant to this Court's order authorizing and directing the parties to file the Settlement Agreement under seal. *See* (Doc. No. 97). In support, the parties states as follows:

### BACKGROUND

The Plaintiffs commenced this action on March 6, 2023. The Plaintiffs are former professional entertainers who allege they performed services as exotic

1

dancers at certain adult clubs operated by the Defendants. The Plaintiffs allege that they were misclassified as independent contractors and assert claims for minimum wages and other alleged violations of the Fair Labor Standards Act ("FLSA"). The Defendants deny that the Plaintiffs were misclassified or are otherwise entitled to any compensation under the FLSA. The Defendants assert that to the extent any of the Plaintiffs actually performed services at their establishments, they earned in excess of minimum wage through their receipt of service charges paid by the Defendants customers.

The parties participated in two separate Court-ordered mediations in this action. The first mediation occurred in April of 2024 and resulted in an impasse. The second occurred on June 3, 2025 and resulted in the execution of a Settlement Agreement by certain of the Plaintiffs and Defendants. The Plaintiffs who participated in the mediation and executed the Settlement Agreement are: (1) Kayla McQueen, (2) Norma Ferreira, (3) Ashlyn Metcalf, (4) Autumn Gullick, (5) Karlena Bond, (6) Erica Cosby-Hughes, (7) Phoebe Jane Munson, (8) Yvelly McNally, (9) Chayenne Desouza, and (10) Jenna Dotson.[1] Magistrate Flynn issued a Report and Recommendation on July 3, 2025, recommending that the following named and opt-in Plaintiffs be dismissed from this action with prejudice: (1)

---

[1] Jamie Burgos and Komae Williams also participated in the mediation and executed the Settlement Agreement. Ms. Burgos and Ms. Williams are not parties to this case but are to the companion case styled *Williams v. EMTB*, Case No. 8:24-cv-01603.

Taniya Dozier, (2) Dawn Evans, (3) Dayuana Monteagudo, (4) Precious Pinas, (5) Tierra Trotter, (6) Alexis Christian, (7) Facility Ozuna, (8) Jasmine Pinkard, (9) Samantha Blocker, and (10) Michaela Remmell.

As provided in the Settlement Agreement, which is being filed contemporaneously under seal, the parties have agreed to a full settlement of the settling Plaintiffs claims under the FLSA, inclusive of attorney's fees and costs.[2] In addition to the Settlement Agreement, each of the settling Plaintiffs has executed a separate release that reflects the specific amount payable to such Plaintiff. The executed releases are being filed under seal together with the Settlement Agreement.

## ARGUMENT AND MEMORANDUM OF LAW

"When employees bring a private action for back wages under the [FLSA], and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Under *Lynn's Food Stores*, a district court may approve an FLSA settlement

---

[2] As provided in the Settlement Agreement filed under seal, the amount allocated to attorney's fees and costs represents a substantial discount relative to the amounts incurred by counsel for the Plaintiffs. The Plaintiffs' counsel have agreed to voluntarily accept such discount as a means of ensuring compensation for the settling Plaintiffs. A declaration of John Kristensen, Esq. attesting to the foregoing is attached hereto as **Exhibit "A."**

3

only if it reflects "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Otey v. CrowdFlower, Inc.*, No. 12-cv-05524, 2015 WL 6091741, at *4 (N.D. Cal. Oct. 16, 2015) (quoting *Lynn's Food Stores*, 679 F.2d at 1355). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

The FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas–Best Freight System,* 450 U.S. 728, 739 (1981). Therefore, an employee's right to fair payment cannot be "abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." *Id.* Accordingly, FLSA settlements require the supervision of the Secretary of Labor or the district court. *See Lynn's Food Stores*, 679 F.2d at 1352-53. The FLSA also requires that a settlement agreement include an award of reasonable fees. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action").

The Eleventh Circuit, following *Lynn's Food Stores*, in determining whether

a settlement is fair and reasonable identified the factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, No. 6:06-cv-435-ORL-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat'l. Ass'n.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

When considering these factors, the Court should keep in mind the "'strong presumption' in favor of finding a settlement fair." *King*, 2007 WL 737575, at *3 (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *Id.* (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3rd Cir. 1995) (other internal citations omitted)).

Here, each of the *Lynn's Food* factors supports approval of the Settlement Agreement. First, the settlement is not the product of fraud or collusion. To the contrary, both parties were represented by competent and zealous counsel. The parties conducted extensive written discovery, including document production and interrogatories. The Defendants deposed each of the settling Plaintiffs and

obtained certificates of non-appearance for those non-settling Plaintiffs who Magistrate Flynn has recommended be dismissed from this action. The Plaintiffs conducted their own written discovery, including documents requests and interrogatories, and conducted depositions of the Defendants' corporate representatives and managerial employees. The Settlement Agreement was the product of a heavily litigated and zealously advocated litigation process. It is not collusive or fraudulent.

Second, the complexity, risk, duration, and expense of the litigation favors the settlement. Specifically, this action involves disputed issues of law and fact, including whether the Plaintiffs were misclassified as independent contractors and whether they otherwise received in excess of minimum wage through their collection of service charges from the Defendants' customers. Additional disputed issues of law and fact include whether the Defendants are subject to the FLSA based on their revenues and connections with interstate commerce and whether certain of the Plaintiffs' claims are barred by statutes of limitations. There issues would be expensive and risky to litigate. Therefore, this factor supports approval of the settlement.

Third, the relatively advanced stage of the action and discovery process conducted to date supports approval of the compromise. As noted above, the parties have conducted in excess of 20 depositions and exchanged significant

quantities of written discovery. Absent settlement, the parties would be filing cross motions for summary judgment and the Defendants would be seeking to de-certify the collective action. The cost of preparing and filing those motions would likely make any future settlement uneconomic. Therefore, the status and progress of this action strongly supports approval of the compromise.

Fourth, the Plaintiffs' likelihood of success on the merits supports the proposed settlement. Given the non-participation of several of the Plaintiffs, there is a significant risk the Court would de-certify this collective action. Moreover, the Defendants zealously contend they will prevail on their service charge defense, which if proven, could completely offset the minimum wage claims asserted by the Plaintiffs. The settlement represents a careful balancing of the risks of litigation faced by the Plaintiffs and ensures compensation to the settling Plaintiffs based on the relative strength and merits of their claims.

Fifth, as alluded to above, the range of possible outcomes favors approval of the settlement. There is a real risk that the Plaintiffs will recover nothing in this action. On the other hand, should the Plaintiffs completely prevail on their claims, the damages awarded would likely render the Defendants insolvent. Consequently, a favorable result for the Plaintiffs could become a pyrrhic victory, with no meaningful compensation paid on account of their claims. The settlement eliminates the risk of an uncollectable judgment and, therefore, eliminates the least

desirable outcomes available to the Plaintiffs.

Finally, in the opinion of counsel, the settlement is fair and reasonable. Counsel for the parties assert strenuously different opinions about the classification of the dancers as employees or independent contractors and the service charge defense. The parties appreciate the substantial risk associated with litigating the disputed issues of law and fact in this case.  The Settlement Agreement reflects the uncertainty inherent in litigation and guarantees the settling parties finality and predictability of outcome.

WHEREFORE, the parties jointly request that the Court approve the Settlement Agreement and grant the parties such additional relief as is just and proper.

DATED: July 23, 2025

By:/s/ Erik Johanson
Erik Johanson, Esq.
Florida Bar No. 106417
Joseph R. Boyd, Esq.
Florida Bar No. 1039873
ERIK JOHANSON PLLC
3414 W. Bay to Bay Blvd
Suite 300
Tampa, FL 33629
(813) 210-9442
erik@johanson.law
jr@johanson.law
ecf@johanson.law
*Counsel for Defendants*

By:/s/ John P. Kristensen
John P. Kristensen
California Bar No. 224132
Massachusetts Bar No. 712688
Kristensen Law Group
120 Santa Barbara Street, Suite C9
Santa Barbara, CA 93101
Phone : (805) 837-2000
john@kristensen.law
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by the Court's CM/ECF electronic filing system on all parties who receive electronic service in the ordinary course of business on this 23rd day of July 2025.

>	*/s/ Erik Johanson*
>	Erik Johanson